ELLIS, Judge.
On December 16, 1957, an automobile being driven by the plaintiff, Harry A. Schwartz, belonging to his son, the plaintiff, Donald A. Schwartz, with his wife riding therein as a guest passenger, was stopped in a line of traffic on North 21st Street in Baton Rouge, Louisiana. Immediately to the rear of his car was one owned and operated by Olen J. LeBlanc, which was also stopped, and to the rear of the LeBlanc car was an automobile of Mrs. Marjorie Beam, being driven by Mrs. D. H. Dudding. This automobile was also stopped in the line of traffic and at this time it was determined that Mrs. Beam would take over the driving of the car and Mrs. Dudding got out of the car on the left side to go around the end of the automobile on the right side. Mrs. Beam then proceeded to slide across the seat and as the car had been left in gear it started moving slowly forward and Mrs. Beam attempted to apply the brakes but placed her foot on the accelerator instead, causing her automobile to go forward and strike the LeBlanc car which in turn struck the rear of the plaintiff’s car.
*263 Suit was filed by Mr. Schwartz as head of the community, and by Donald Schwartz, as owner of the car, for damages, and by Mrs. Schwartz for personal injuries allegedly received as a result of the rear end collision.
Judgment was rendered in favor of Harry A. Schwartz for the amount claimed by him, and in favor of Donald Schwartz for damage to his car, and in the amount of $1500.00 to Mrs. Schwartz for her injuries, pain and suffering.
An appeal was taken only on behalf of Mrs. Etta R. Schwartz, in which she is seeking an increased award, therefore the only question before the court is one of quantum.
Counsel for plaintiff contends that Mrs. Schwartz suffered three distinct injuries, all of which were well proven by the testimony and stipulation in the record, and consisted of: (1) a whip lash type injury to the neck and spine; (2) a subdeltoid bursitis in the right arm and shoulder; (3) an aggravation of a pre-existing arthritic condition in the spine.
Counsel on behalf of plaintiff has also cited two cases, viz., Watts v. Delta Fire & Casualty Co., 106 So.2d 752, decided by this Court, and Downs v. Hartford Accident & Indemnity Co., 116 So.2d 712, decided by our brethren of the Second Circuit that should be controlling in the amount of the award in the case at bar.
In the Watts case this court affirmed an award by the trial court of $3500.00, whereas in the Downs case an award by the trial court of $3125.00 was affirmed by the Second Circuit Court of Appeal. Counsel argues that Mrs. Schwartz’ disability, pain and suffering were greater than those in either of the two cited cases and that she should be awarded a greater measure of damages than in those cases.
We are convinced without the necessity of detailed discussion of the medical evidence that Mrs. Schwartz suffered a whip lash type injury to her neck and spine, in the neck region. There is no doubt but that the record also shows that Mrs. Schwartz suffered from arthritis prior to' the accident and that as a result of an aggravation of this condition she suffered a subdeltoid bursitis in the right arm and shoulder. The after effects of the whip lash injury to her neck were increased as a-result of the aggravation of the arthritic condition that Mrs. Schwartz had, and suffered from, prior to the accident. As to the third distinct injury, an aggravation of a pre-existing arthritic condition in the spine, other than such condition affected the whip lash injury to the neck and the subdeltoid bursitis. We are of the opinion that the evidence fails to prove an aggravation of the arthritic condition of the low back.
Mrs. Schwartz complained immediately after the accident of the injury to her neck, both to her husband and to the two officers who investigated the accident, and was examined by Dr. James E. Williams, Jr., the following day and he found an injury to her neck. He also found as a result of x-rays that she was an arthritic. This doctor also testified that he would not be surprised or was not surprised by the finding of Dr.' Gordon of New York that plaintiff had developed a subdeltoid bursitis.
Dr. Bannerman, an orthopedic specialist, was of the opinion that the symptoms which Mrs. Schwartz complained of were: in keeping with an aggravation of her arthritic condition; also that the whip lash injury was in keeping with his later find-, ings; that as he did not see Mrs. Schwartz until July 9, 1958, the bursitis in the right shoulder was “sort of difficult to fit in with the rest of it. It is possible that since this developed some time after the accident that it might be unconnected with iff directly; it is difficult to say at the time I saw her.” However, he did testify that if Mrs. Schwartz had, in fact, incurred the subdeltoid bursitis and had been treated and relieved by April of 1958 that it would be consistent with his findings.
*264 Dr. Charles Cracraft, an orthopedic specialist, examined Mrs. Schwartz on October 21, 1959, at which time she was still complaining' of pain in the low back, in the neck and the right shoulder. He diagnosed her condition as “by history, strain of the cervical musculature healed; bursitis, right shoulder, quiescent at this time; hyper-trophic arthritic, cervical and lumbar spines.” However, he was of the opinion that the hypertrophic changes noted in x-rays was the primary reason for continued symptoms, as he thought that the accident as described to him could conceivably aggravate the symptoms for a short time but that any symptoms that might be present at the time of the examination were due to arthritic changes and not the accident. Dr. Cracraft also testified that development of subdeltoid bursitis by the plaintiff subsequent to the accident would not in any way be inconsistent with his examination but would be entirely possible and plausible. In fact he went so far as to state that such a development was not only possible but probable.
Mrs. Schwartz, after the accident, returned to New York where she saw Dr. Howard H. Gordon on December 23, 1957. There are two reports in the record from this doctor which are short and contain only his conclusions or diagnosis. They are not as full as the medical reports usually introduced, however, we find no reason not to accept his conclusion that plaintiff suffered a whip lash injury to the neck and a subdeltoid bursitis, other than the fact that in his report the latter condition was stated to be in the left arm whereas all of the proof shows it to be in the right shoulder. The overwhelming proof that it was the right arm and that, as a matter of fact, he treated the right arm by local novocainization convinces us that he made an unintentional error in stating left rather than right arm. He described plaintiff’s pain as “exquisite pain and tenderness * * * This doctor also gave another report on April 6, 1959, in which he stated that she had been treated at his office receiving physiotherapy in conjunction with the local novocainization regularly from December 23, 1957, to June, 1958 and that since the latter date she had been under supervision at his office appearing once every one or two weeks. He stated that her condition had not changed.
On the other hand we have the report of Dr. Kaplan of New York of date April 7, 1958, as the result of an examination in his office on March 17, 1958. Mrs. Schwartz at that time was complaining of pain in the right shoulder, pain in the neck and back. Evidently Dr. Kaplan gave her a thorough examination as his report is thorough and in his opinion he failed to find any objective findings which could be considered secondary to the accident of December 16, 1957. He stated there was no causally related disability present and no permanent disability from the accident. He was of the opinion that her claimed total disability extending from December 16, 1957, to February 25, 1958, “is excessive and not valid.” Dr. Kaplan examined this patient, Mrs. Schwartz, on June 17, 1959, and he again failed to find any objective symptoms connected with the accident and no appreciable changes over those found on the occasion of his previous examination of March 17, 1958, and he was still of the opinion that there was no related disability existing and no permanent disability resulting from the alleged accident.
Taking the record as a whole we are of the opinion that the plaintiff has proven that she received as a result of the accident the conditions claimed under headings (1) and (2) and that she received treatment for the second condition until June of 1958 from Dr. Gordon of New York. In view of the fact that the LeBlanc car did not strike the Schwartz car with any great force, in fact, with what might be considered a slight force, and the medical testimony, we believe that plaintiff suffered a moderate whip lash injury, but because of her arthritic condition which was aggravated as a result of the accident, it could be considered more painful and of a longer duration but *265 as of the date of the trial any complaints she had were due to her normal arthritic condition and not in any way still related to the accident. The bursitis which occurred subsequent to the accident and as a result of a pre-existing arthritic condition, we find, had cleared up and was quiescent insofar as any relation to the accident was concerned, at least by June of 1958.
Each case must stand on its own facts, and while we realize the value of using prior jurisprudence in similar cases as a guide and always appreciate the assistance of counsel in detailing a comparison of similar cases as in connection with the case at bar, we believe in this case that an award of $3,000 to the plaintiff, Mrs. Etta Schwartz, would be correct considering the evidence and awards in prior cases with similar facts.
Amended and affirmed.